ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| KEDWIN J. RIVERA MÉNDEZ<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrente | TA2026RA00203 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>PP-336-25<br><br><br>Sobre:<br>Bonificaciones |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2026.

Compareció ante este Tribunal la parte recurrente, el Sr. Kedwin J. Rivera Méndez (en adelante, el "señor Rivera Méndez" o "Recurrente"), mediante recurso de revisión judicial el 20 de abril de 2026. Nos solicitó la revocación de una Determinación de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación emitida el 8 de octubre de 2025. Dicho dictamen fue objeto de una solicitud de reconsideración que fue declarada "No Ha Lugar" el 24 de noviembre de 2025.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso ante nuestra consideración.

**I.**

Según surge del expediente ante nuestra consideración, el 22 de julio de 2025, el DCR emitió la "**Hoja Central sobre Liquidación de Sentencia**" del Recurrente. Por estar en desacuerdo con la misma, el 4 de septiembre de 2025, el señor Rivera Méndez presentó una "**Solicitud de Remedio Administrativo**". Dos meses más tarde, el DCR emitió su *Respuesta*

denegando el remedio solicitado por el Recurrente. El 24 de octubre de 2025, el señor Rivera Méndez radicó una solicitud de reconsideración que fue declarada "No Ha Lugar" por la agencia mediante dictamen del 24 de noviembre de 2025.

Insatisfecho con dicha determinación, el Recurrente presentó el recurso de revisión judicial que nos ocupa, a través del cual expuso que el DCR cometió el siguiente error:

> Erró el Departamento de Corrección y Rehabilitación al no aplicar ni adjudicar las bonificaciones correspondientes conforme lo dispone el Reglamento Interno de Bonificaciones.

## II.

### A.

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico. *Véase*, Reglas 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 141, pág. 117, 216 DPR __ (2025).

**B.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (en adelante, "LPAU"), se creó a los fines de uniformar los procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. López Rivera v. Adm. de Corrección, 174 DPR 247, 254-255 (2008).

Ahora bien, es norma conocida que las determinaciones emitidas por las agencias administrativas están sujetas a un proceso de revisión judicial ante este Tribunal de Apelaciones. OEG v. Martínez Giraud, 210 DPR 79, 88 (2022); AAA v. UIA, 200 DPR 903, 910 (2018); 4 LPRA sec. 24y. Conforme a ello, la LPAU autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos. OEG v. Martínez Giraud, *supra*, pág. 88; secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676, respectivamente.

Cónsono con lo anterior, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, regula los términos que dispone una parte adversamente afectada por una orden o resolución final de una agencia. A esos efectos, dispone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la**

**fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**.

[…]

Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. Íd. (énfasis suplido).

De otra parte, la Sección 3.15 de la LPAU dispone que:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**. 3 LPRA sec. 9655 (énfasis suplido).

Por último, es necesario señalar que la Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, establece que el término para presentar el recurso de revisión es de carácter jurisdiccional. Un término jurisdiccional es de naturaleza improrrogable, lo que significa que no está sujeto a interrupción, sin importar las consecuencias que ello provoque. Rosario Domínguez v. ELA, 198 DPR 197, 208 (2017). Por esa razón, los requisitos jurisdiccionales tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. Lo anterior quiere decir que el incumplimiento con el término jurisdiccional priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. Íd., págs. 208-209.

**C.**

El perfeccionamiento del recurso de revisión judicial está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente,

la Regla 59 del Reglamento del Tribunal de Apelaciones dispone, en su parte pertinente, que:

El escrito de revisión contendrá:

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

[…]

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso. *Véase*, Reglas 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 141, pág. 84, 216 DPR __ (2025).

Sobre el cumplimiento de las normas dispuestas en los reglamentos, el Tribunal Supremo de Puerto Rico ha establecido que las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. M-Care Coumpounding, *et al* v. Dpto. de Salud, 186 DPR 159-176 (2012); Pueblo v.

Rivera Toro, 173 DPR 137, 144 (2008). Así pues, el Alto Foro reconoció que las disposiciones reglamentarias sobre el perfeccionamiento de los recursos debían aplicarse flexiblemente, **cuando se incumple con un requisito de forma de menor importancia**. Arriaga v. FSE, 145 DPR 122, 130 (1998).

De conformidad con lo anterior, advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Febles v. Romar, 159 DPR 714, 722 (2003). Sobre este particular, la jurisprudencia ha dispuesto que las disposiciones reglamentarias sobre los recursos que se presenten ante los tribunales apelativos deben observarse rigurosamente y su incumplimiento puede dar lugar a la desestimación. Arraiga v. F.S.E., *supra*, pág. 130.

**III.**

De entrada, es menester destacar que, tras la evaluación del expediente electrónico ante nuestra consideración, existen varios fundamentos por los cuales este Tribunal carece de autoridad en ley para evaluar los méritos del recurso que nos ocupa. Nos explicamos.

Conforme se desprende del expediente ante nos, el Recurrente solicita la revisión de la determinación arribada por la DCR mediante la cual se le denegó una petición de reconsideración, a través de la cual impugnó la forma en que la agencia computó las bonificaciones que se le acreditarían a la sentencia que cumple en una institución penal del país. No obstante, a poco que examinemos el expediente ante nuestra consideración, notamos que la determinación de la cual el señor Rivera Méndez recurre ante este Tribunal fue notificada el 24 de noviembre de 2025.

A la luz de las disposiciones normativas reseñadas, una parte adversamente afectada por un dictamen final de una agencia administrativa cuenta con un término de treinta (30) días para presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Así también, si se presentase una solicitud de reconsideración sobre dicha determinación final dentro del plazo estatutario para ello, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia

de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración, si ese fuera el caso. 3 LPRA sec. 9655.

En vista de lo anterior, el Recurrente tenía hasta **el 24 de diciembre de 2025** para recurrir ante este Tribunal y solicitar la revisión en los méritos del dictamen emitido por el DCR. **Sin embargo, el recurso fue presentado por el señor Rivera Méndez el 20 de abril de 2026, es decir, fuera del plazo jurisdiccional de treinta (30) días que dispone la LPAU**. Lo anterior, evidentemente, nos quita jurisdicción para entender en los méritos del recurso.

Ahora bien, aún si hiciéramos abstracción de lo anterior y asumiendo que el caso se presentó dentro del plazo estatutario, es más que evidente que el recurso no es revisable. Nótese que el Recurrente no incluyó ningún documento acreditativo que nos permitiera determinar nuestra jurisdicción para entender en los méritos del caso. De hecho, no obra en nuestro legajo apelativo documentación alguna que nos permita corroborar los planteamientos esgrimidos por el señor Rivera Méndez. El incumplimiento del Recurrente con los requisitos reglamentarios exigidos para el perfeccionamiento del recurso de revisión judicial también nos priva de jurisdicción para atender los planteamientos señalados en el recurso.

En suma, tanto la presentación tardía como la ausencia de un apéndice con la documentación requerida por el Reglamento de este Tribunal, nos privan de autoridad en ley para entender en los méritos del recurso de autos.

### IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de epígrafe por su presentación tardía y por incumplimiento con el Reglamento de este Tribunal.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones